UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff/Petitioner,*<br><br>v.<br><br>INTERNATIONAL CAPITAL GROUP, LLC,<br>BRIAN R. NORD, LARRY RUSSELL, JR., and<br>TODD J. BERGERON,<br><br>*Defendants/Respondents.* | Docket No.: |

**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR AN ORDER UNDER SECTION 20(c) OF THE SECURITIES ACT OF 1933,
SECTION 21(e)(1) OF THE SECURITIES EXCHANGE ACT OF 1934 AND
SECTION 42(D) OF THE INVESTMENT COMPANY ACT OF 1940
<u>ENFORCING COMPLIANCE WITH A COMMISSION ORDER</u>**

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by the Respondents, International Capital Group, LLC ("ICG"), Brian R. Nord ("Nord"), Larry Russell, Jr. ("Russell"), and Todd J. Bergeron ("Bergeron") (collectively "Respondents"), with the Commission's Order to Institute Administrative and Cease and Desist Proceedings ("OIP" or "Order") entered against them on January 29, 2015. In anticipation of the proceedings giving rise to the OIP, ICG, Nord and Russell agreed to jointly and severally disgorge $1,466,595 plus $203,459 in prejudgment interest, and pay penalties of $1,500,000, $300,000, and $125,000,

respectively. Bergeron agreed to disgorge $366,649 plus $50,865 in prejudgment interest, and pay a civil penalty of $150,000.

In support of its Application, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to enforce an order of the Commission, which found that Respondents Nord, Russell and Bergeron aided and abetted Respondent ICG's violation of Sections 5(a) and (c) of the Securities Act, and Section 15(a) of the Exchange Act, and Respondents Nord, Russell and Bergeron willfully violated Sections 5(a) and (c) of the Securities Act.

2. Respondents have failed to satisfy the disgorgement order and civil penalties imposed upon them.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. International Capital Group, LLC, is a limited liability company organized and registered to do business in Delaware, and headquartered in Schaumburg, Illinois.

5. Brian R. Nord, age 44, is a resident of Deer Park, Illinois.

6. Larry Russell, Jr., age 50, is a resident of Terre Haute, Indiana.

7. Todd J. Bergeron, age 50, is a resident of Elgin, Illinois.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under Section 20(c) of the Securities Act, Sections 21(e)(1) and 27(a) of the Exchange Act, and Section 42(d) of the Investment Company Act.

9. Venue lies in the United States District Court for the Northern District of Illinois under Section 22(a) of the Securities Act, Section 27(a) of the Exchange Act, and Section 44 of the Investment Company Act. Respondents ICG, Nord and Bergeron are "found" or are "inhabitants" of this District, and a substantial part of the events or omissions giving rise to the action occurred in the District.

## STATEMENT OF RELEVANT FACTS

10. On January 29, 2015, the Commission entered its Order Instituting Administrative and Cease-and-Desist Proceedings ("OIP") against ICG, Nord, Russell and Bergeron, pursuant to Section 8A of the Securities Act, Sections 15(b) and 21C of the Exchange Act, and Section 9(b) of the Investment Company Act. *See* Ex. 1.

11. The Commission alleged, in part, that ICG held itself out as a stock-based lender. From its formation in August 2008 to May 2011, ICG violated Section 15(a) of the Exchange Act by selling over 9 billion shares worth more than $62 million in connection with purported stock-based loans, block trades, and other transactions. Principals, Nord, Russell and Bergeron participated in, directed or authorized such activities.

12. Through at least 149 stock-based loans, ICG systematically liquidated stock obtained as collateral from at least 85 individuals and entities, many of which were affiliates of the issuers, without registering as a broker or dealer. ICG's business during that time period also involved "block trades," lending against stock portfolios, and convertible debt transactions entered with issuers and affiliates of issuers. ICG also violated Section 5 of the Securities Act. On multiple occasions, ICG distributed stock that it acquired from the issuers of that stock or their affiliates through stock-based loans, block trades, and other transactions without registering the transactions with the Commission.

13. In anticipation of the OIP and related proceedings, Respondents submitted Offers of Settlement ("Offers"), which the Commission accepted. As a result, and in connection with the OIP, the Commission imposed the sanctions agreed to in Respondents' Offers, which included an order for ICG, Nord and Russell to jointly and severally disgorge $1,466,595 plus prejudgment interest of $203,459, and pay civil penalties in the amounts of $1,500,000, $300,000, and $125,000, respectively. Bergeron was ordered to disgorge $366,649 plus prejudgment interest of $50,865, and pay a civil penalty of $150,000.

14. Respondents did not seek review of the Orders, and the time to do so has expired.

## ARGUMENT

15. The Commission brings this proceeding under Section 20(c) of the Securities Act, 21(e)(1) of the Exchange Act, and Section 42(d) of the Investment Company Act. These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

16. Proceedings under these provisions are summary in nature. *See e.g., SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

17. In such proceedings, the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

18. These summary proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Respondents to show cause why this Court should not enter an order enforcing their compliance with the Commission Order.

II.

That the Court thereafter enter Judgment enforcing the Commission Order and requiring:

a. ICG, Nord and Russell to disgorge, jointly and severally, $1,466,595 plus prejudgment interest of $203,459, and pay civil penalties in the amounts of $1,500,000, $300,000, and $125,000, respectively;

b. Bergeron to disgorge $366,649 plus prejudgment interest of $50,865, and pay a civil penalty of $150,000;

c. Interest accrued pursuant to SEC Rule of Practice 600 and 31 U.S.C. § 3137 from September 28, 2017, the date of the Order, to the date that this Court enters its order; and

d. Injunctive Relief.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VI.

That the Court order such other and further relief as may be just and proper.

Dated: October 22, 2018

Respectfully submitted,

s/ Christy J. White
CHRISTY J. WHITE
Assistant Chief Litigation Counsel
United States Securities and Exchange Commission
100 F Street, NE, Mail Stop 5628
Washington, DC 20549-5628
WhiteChr@SEC.gov
Telephone: 202.551.4502
Facsimile: 202.572.1372

Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission